Daniel Bonnett (AZ#014127)
Michael Licata (AZ#033941)
Jennifer Murphey (AZ#034166)
Martin & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
dbonnett@martinbonnett.com
mlicata@martinbonnett.com
jmurphey@martinbonnett.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Scott-Ortiz, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT |
| CBRE, Inc., a Delaware corporation; XYZ Corporations I-V; and John and Jane Does I-X, | (JURY TRIAL DEMANDED) |
| Defendants. | |

This is an action for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1988 as this is a civil action arising under the laws of the United States for violations of Plaintiff's civil rights.

2. This Court has personal jurisdiction over the Defendant, CBRE, Inc. which is a foreign corporation registered and regularly transacting business in Arizona, and which has significant and continuous contact with Arizona.

3. Venue is proper under 28 U.S.C. § 1391(b). The Defendant operates in Maricopa County, Arizona. A substantial part of the acts and/or omissions giving rise to Plaintiff's claim occurred in this District.

**PARTIES**

4. Plaintiff, Alexis Scott-Ortiz ("Plaintiff" or "Mr. Ortiz"), is a resident of Maricopa County, Arizona. Plaintiff is employed by for Defendant, CBRE, Inc. as a Building Engineer and has been so employed continuously since 2016.

5. Defendant, CBRE, Inc. ("Defendant" or "CBRE") is a Delaware corporation registered with the Arizona Corporation Commission as a Foreign For-Profit (Business) Corporation authorized to transact business in Arizona. Public records on the Arizona Corporation Commission website identifies CBRE in good standing and lists 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012 as a known place of business for Defendant.

6. Upon information and belief, Defendants XYZ Corporations I-V are one or more fictitious name of the corporations, partnerships, or other business entities, the precise identity of which are not presently known but whose acts and omissions make them jointly and severally liable to Plaintiff for the damages and relief he seeks herein and who Plaintiff will seek to add by name to this action as the precise identity of each is determined.

7. Upon information and belief, Defendants John and Jane Doe I-X are one or more fictitious name individuals the precise identity of whom are not presently known but whose acts and omissions make them jointly and severally liable to Plaintiff for the damages and relief he seeks herein and who Plaintiff will seek to add by name to this action as the precise identity of each is determined.

**FACTUAL ALLEGATIONS**

8. On or around September 15, 2016, Plaintiff began working for Defendant CBRE as a Building Engineer under the terms of an oral agreement.

9. Plaintiff is a Latino and African-American male. Mr. Ortiz's father was born in Puerto Rico.

1

10. At all times relevant, Plaintiff was assigned by Defendant to work as a Building Engineer at the worksite of one of its customers, the American Express Corporation located at 20022 N. 31st Ave., Phoenix, Arizona. During such time, Defendant assigned other CBRE employees to work at that location and in the proximity of Plaintiff.

11. Beginning in or around early 2017, several of Defendant's Caucasian male employees assigned to the American Express worksite where Plaintiff worked committed intentional acts of discrimination, while at the American Express worksite, directed at Plaintiff and other similarly situated minority workers which created a racially hostile work environment consisting of, but not limited to, the following:

    a. repeatedly addressing Plaintiff with the use of derogatory and offensive racial epithets;

    b. repeatedly referring to racial minorities while in the Plaintiff's presence as murderers, kidnappers and drug traffickers and inferring that because of his race, Plaintiff behaved in a similar manner;

    c. repeatedly verbally berating Plaintiff with hostile and offensive language and gestures;

    d. ostracizing and refusing to work with Plaintiff;

    e. placing Plaintiff in unsafe working conditions;

    f. threatening Plaintiff with physical violence and bodily harm;

    g. leaving racially offensive written materials in plain view in common workplace areas for Plaintiff and other minorities to see; and

    h. playing racially offensive music out loud for Plaintiff and other minorities to hear.

12. Beginning in or around February 2018 after Plaintiff's requests to co-workers to stop their discriminatory and racially hostile acts did not end their unlawful conduct, Plaintiff complained to Defendant's management about the racially hostile work environment committed by Defendant's employees at the American Express worksite.

13. Plaintiff complaints were both verbal and electronic and consisted of, but

2

were not limited to, complaints to his immediate and second level supervisors.

14. Even after Plaintiff complained to management about his co-workers' racially hostile and offensive acts and comments, they continued.

15. In or around late March 2018, Plaintiff complained to Defendant's human resource personnel about the racially hostile work environment.

16. Defendant failed to promptly and thoroughly investigate and take remedial steps to end the racially hostile work environment and, as a result, Plaintiff was forced to continually work in and be exposed to a racially hostile work environment that was both severe and pervasive.

17. On or about April 4, 2018, the work environment became so intolerable and egregious that Plaintiff suffered severe emotional distress and mental anguish and was eventually diagnosed with Post Traumatic Stress Disorder ("PTSD") necessitating an extended leave of absence, a significant portion of which he was forced to take as unpaid leave.

18. While on leave, Plaintiff continued to advise Defendant of the racially hostile work environment at the American Express location and further advised Defendant's management that he could not return to that location because he did not feel safe and that return would trigger and exacerbate his PTSD.

19. Plaintiff asked to be reassigned to a different CBRE managed worksite in his same position as Building Engineer but Defendant refused and continues to refuse to return Plaintiff to a work environment that is free of racial discrimination and retaliation and has insisted that Plaintiff return to the very same, racially hostile and unsafe work environment about which he has complained and which remains a hazard to his physical and mental health.

20. Plaintiff remains off duty and without income or benefits which has caused significant financial hardship, further emotional distress and mental anguish, and made it difficult and, at times, impossible to obtain effective treatment for his PTSD and related medical conditions.

21. By virtue of the forgoing intolerable working conditions resulting from the acts and omissions on the part of Defendant and its employees and agents as described herein, no reasonable person could remain employed by Defendant and, in fact, Defendant's failure and refusal to act has resulted in a constructive discharge of Plaintiff's employment with Defendant.

## COUNT I

**(Discrimination and Hostile Work Environment in Violation of 42 U.S.C. § 1981)**

22. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

23. 42 U.S.C.A. § 1981 states:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

24. At all times relevant and by virtue of his employment relationship with CBRE, Plaintiff had a contract of employment with Defendant within the meaning of 42 U.S.C.A. § 1981.

25. Defendants, as evidenced by its failure to take prompt, remedial action in

response to the racially hostile acts of its employees, complaints raised by Mr. Ortiz and by the constructive termination of Plaintiff's employment, failed to exercise reasonable care to prevent and promptly correct any discriminatory behavior, failed to make a good faith effort to comply with the requirements of 42 U.S.C.A. § 1981 and thereby directed, ratified and approved of Plaintiff's discriminatory treatment.

26. By virtue of the activities described in the foregoing paragraphs, Defendant intentionally discriminated against Plaintiff because of his race and, by reason of such discriminatory conduct, violated 42 U.S.C.A. § 1981.

27. As a direct and proximate consequence of these violations by Defendant, Plaintiff has been damaged and will continue to be damaged, financially and economically, and therefore, Defendant is liable for his lost salary and benefits, in an amount not yet fully ascertained, plus prejudgment interest thereon.

28. As a direct and proximate consequence of the foregoing violations by Defendant, Plaintiff is entitled to recover other compensatory damages including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained plus prejudgment interest thereon.

29. Defendant, through its supervisory and managerial agents, engaged in such discriminatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Plaintiff and, as a result, Defendant is liable to Plaintiff for punitive damages, in an amount not yet fully ascertained, plus prejudgment interest.

30. By virtue of the foregoing, Plaintiff is also entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C.A. § 1988 for bringing this action.

**COUNT II**

**(Retaliation in Violation of 42 U.S.C. § 1981)**

31. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

32. 42 U.S.C.A. § 1981 also makes in unlawful to retaliate against an individual for making complaints to his employer for conduct constituting a violation of 42 U.S.C.A. § 1981 including creating and allowing a racially hostile work environment.

33. Defendant, as evidenced by its failure to take prompt, remedial action in response to the complaints raised by Plaintiff and the constructive termination of Plaintiff's employment, failed to exercise reasonable care to prevent and promptly correct any discriminatory behavior, failed to make a good faith effort to comply with 42 U.S.C.A. § 1981 and directed, ratified and approved of Mr. Ortiz's retaliatory termination.

34. By virtue of the activities described in the foregoing paragraphs Defendant intentionally retaliated against Plaintiff as described more fully above because Plaintiff opposed what he reasonably and objectively believed to be a violation of Section 1981 and, by reason of such retaliatory conduct, the Defendant violated Section 1981.

35. As a direct and proximate consequence of these violations by Defendant, Mr. Ortiz has been damaged and will continue to be damaged, and therefore, Defendant is liable for Plaintiff's lost salary and employment benefits and unreimbursed expenses, in an amount not yet fully ascertained, plus prejudgment interest thereon.

36. As a direct and proximate consequence of the foregoing violations by Defendant, Plaintiff also is entitled to recover other compensatory damages including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained, plus prejudgment interest thereon.

37. Defendant, through its supervisory and managerial agents, engaged in such discriminatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Plaintiff and, as a result, Defendant is liable to Plaintiff for punitive damages, in an amount not yet fully ascertained, plus prejudgment interest.

38. By virtue of the foregoing, Plaintiff is also entitled to recovery his attorneys' fees and costs pursuant to 42 U.S.C.A. § 1988 for bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Alexis Scott-Ortiz, prays that judgment be entered against the Defendant, CBRE, Inc., and that the Court award the following relief including but not limited to:

A. A declaration that Defendant has violated 42 U.S.C.A. § 1981;

B. Judgment in favor of Plaintiff and against Defendant together with an award of compensatory damages as permitted by law and in the amounts supported by the evidence;

C. Judgment in favor of Plaintiff and against Defendant together with an award of punitive damages as permitted by law and in the amount supported by the evidence.;

D. Temporary and permanent injunctive relief and such other equitable relief as permitted by law;

E. An award of attorneys' fees and cost pursuant to 42 U.S.C.A. § 1988; and

F. Any and all other relief the Court deems just and proper.

A JURY TRIAL IS REQUESTED ON ALL ISSUES ENUMERATED IN THE COMPLAINT PURSUANT TO RULE 38 OF THE FEDERAL RUES OF CIVIL PROCEDURE.

Dated this 31st day of January, 2020.

**MARTIN & BONNETT, P.L.L.C.**

By: s/ Daniel L. Bonnett
Daniel L. Bonnett
Michael Licata
Jennifer N. Murphey
4647 N. 32nd. Street, Suite 185
Phoenix, AZ 85004
(602) 240-6900

*Attorneys for Plaintiff*